Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Pound, McLaughlin, Crane and Andrews, JJ. Dissenting: Cardozo and Lehman, JJ.

---

The People of the State of New York, Respondent, *v.* Alberigo Mastrota, Appellant.

*Crimes — murder in first degree — judgment of conviction affirmed.*

(Argued February 21, 1924; decided April 1, 1924.)

Appeal from a judgment of the Queens County Court rendered July 2, 1923, upon a verdict convicting the defendant of the crime of murder in the first degree.

*Richard F. Adams* for appellant.

*Richard S. Newcombe,* District Attorney (*Charles W. Froessel* of counsel), for respondent.

Judgment of conviction affirmed; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

Louis O. Rotenbach, Respondent, *v.* Sarah E. Young et al., Appellants.

*Real property — title — descent — relatives of half blood excluded where inheritance came from ancestor of whose blood they were not.*

*Rotenbach* v. *Young,* 206 App. Div. 775, affirmed.

(Argued February 21, 1924; decided April 1, 1924.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 29, 1923, which unanimously affirmed a judgment in favor of plaintiff entered upon an order of Special Term granting a motion for judgment upon the pleadings. The action was brought to determine a claim to real property under sections 500–512 of the Real Property Law. The answer denied plaintiff's title to the real property described in the complaint, alleged title to such real property in the defendants and counterclaimed in partition. The reply controverted the material allegations of the counterclaim and asked for

judgment of dismissal. The question was as to the right to inherit under the Statute of Descent. In 1902 the property in question was owned by Joseph Short, Jr. By his will it was devised to his daughter, Stella. Stella married Louis O. Rotenbach, the plaintiff in this action. In 1918 Stella Rotenbach died intestate seized of the premises, leaving no descendant, nor had any child ever been born to her, and she was not survived by either father or mother or brother or sister or descendants of them of the whole blood. After her father's death her mother had remarried and had children, who thus became the half-brothers and sister of Stella Rotenbach. At the time of the latter's death her half-brothers and sisters were not alive, but had left descendants, who were her nieces and nephews of the half-blood. Stella Rotenbach also left cousins. They were children of the deceased sister of Joseph Short, Jr., the father of Stella. The plaintiff claimed title under deeds from these cousins of Stella. The defendants, who are the nieces and nephews of the half-blood of Stella, claim title as her heirs.

*Abel E. Blackmar, Harry G. Anderson* and *George H. Lent* for appellants.

*Clarence A. Spear* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

HENRY VON BREMEN et al., Copartners under the Firm Name of VON BREMEN, ASCHE & COMPANY, Respondents, *v.* THE CURTIS CORPORATION, Appellant.

*Contract — sale — action to recover back money paid on ground that goods delivered were not those contracted for.*

*Von Bremen* v. *Curtis Corporation*, 206 App. Div. 601, affirmed.

(Argued February 21, 1924; decided April 1, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 17, 1923, affirming a judgment in favor